USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/3/2026

Request **GRANTED.**

**SO ORDERED.**
8/3/2026
DATE

VICTOR MARRERO, U.S.D.J.

orrick

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000

**orrick.com**

**Thomas N. Kidera**

**E** tkidera@orrick.com
**D** +1 212 506 5277
**F** +1 212 506 5151

July 30, 2026

**VIA ECF**

The Honorable Victor Marrero
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: ***Gutami Inc. v. Scale Microgrid Solutions Operating, LLC*, No. 1:26-cv-05710-VM**
**Motion to Seal**

Dear Judge Marrero:

We move on behalf of Defendants Scale Microgrid Solutions Operating, LLC and SMS DevFin LLC (collectively, "Defendants") pursuant to Your Honor's Individual Practices Rule II.H, the Court's Standing Order 19-mc-00583, and ECF Rules & Instructions, Section 6, to seal Exhibits 2 and 3 in support of Defendants' concurrently filed pre-motion to dismiss letter and to redact references thereto in the letter.

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must 'balance competing considerations against [the presumption of access].'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). "[T]he proponent of sealing must 'demonstrat[e] that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "Competitively sensitive information, for example, should be protected against public disclosure if such disclosure would cause significant and irreparable competitive injury." *Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 1:20-CV-05502, 2021 WL 243943, at *1 (S.D.N.Y. Jan. 25, 2021).

Courts routinely grant motions to seal non-public, bargained-for agreements and their terms whose disclosure may cause competitive harm in future negotiations. *See, e.g., Carbon Inv. Partners, LLC v. Bressler*, No. 20-CV-03617, 2020 WL 5441497, at *1 (S.D.N.Y. Sept. 10, 2020) (sealing confidential operating agreement that was "the product of extensive negotiations among Carbon's principals" and "[d]isclosure of this document would potentially harm Carbon's commercial interests as well as the commercial interests of Carbon's principals in future negotiations"); *Gracyzk v. Verizon Commc'ns, Inc.*, No. 18-6465, 2020 WL 1435031, at *8-9 (S.D.N.Y. Mar. 24, 2020) (granting party's request to seal portions of contracts that would cause them to suffer "competitive disadvantage in future negotiations"); *Regeneron Pharms., Inc.*, 2021 WL 243943, at *2 (granting motion to redact confidential business information relating to

agreements entered into between the parties that would disadvantage parties in future negotiations).

Exhibit 2 is an agreement, titled the Amended and Restated Expansion Credit Agreement (the "Credit Agreement"), and Exhibit 3 is an agreement, titled the Option Agreement, both dated May 8, 2024, entered between the parties. The Credit Agreement requires that "the existence and terms of this Agreement and the Loan Documents and the information provided by the Loan Parties to Lender in connection with this Agreement or the Loan Documents will be kept confidential." Ex. 2 § 6.15. The Option Agreement is a "Loan Document" under the Credit Agreement and is subject to the same confidentiality obligation. *See id*. § 6.15, Appendix A; Ex. 3, at 4. These documents are not generally available to the public and contain bargained-for, competitively sensitive terms whose disclosure may disadvantage Defendants in future negotiations with counterparties. Plaintiff has recognized the confidential nature of these documents. *See* Compl. ¶¶ 29, 31.

For the foregoing reasons, Defendants respectfully request that the Court grant this motion to permit Exhibits 2 and 3 to be sealed in their entirety, and to redact references thereto in the pre-motion to dismiss letter.

Respectfully submitted,

*/s/ Thomas N. Kidera*

Copy (by ECF) to: All counsel of record